IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TRUSTMARK NATIONAL BANK, and
MARK S. MAYFIELD, AS TRUSTEE                                            PLAINTIFFS

v.                                                          CIVIL ACTION NO. 5:12cv118-DPJ-FKB

MARSHALL SANDERS, DEBORAH
SANDERS, U.S. DEPARTMENT OF
JUSTICE, WASHINGTON, D.C., and
INTERNAL REVENUE SERVICE,
WASHINGTON, D.C.                                                        DEFENDANTS

ORDER

This judicial-foreclosure case is before the Court on the Motion for Summary Judgment as to Judicial Foreclosure [12] filed by Plaintiff Trustmark National Bank. Because Trustmark has demonstrated that there are no genuine issues of material fact as to its claim and that it is entitled to judicial foreclosure, the motion is granted.

I.    Facts and Procedural History

Defendants Marshall and Deborah Sanders acquired the real property that is the subject of this dispute by warranty deed on August 29, 1989. On May 29, 2002, the Sanderses executed a Deed of Trust in favor of Trustmark securing an equity line of credit for $150,000 extended to Marshall Sanders. The Trustmark deed is a first lien on the Sanderses' property. In 2008, Marshall Sanders pleaded guilty to two charges of willfully failing to file federal income tax returns, and in 2009, as a part of his sentence, he was ordered to pay $1,025,453.00 in restitution. After he entered his plea, but before he was sentenced, Marshall Sanders executed a quitclaim deed conveying his interest in the subject property to Deborah Sanders. On May 15, 2009, a U.S. Department of Justice lien was entered against Marshall Sanders in the records of the Chancery

Clerk of Warren County, Mississippi. Two federal tax liens followed on August 4, 2009, and August 22, 2011.

The Trustmark loan matured on May 29, 2012, and is now past due and in default. Trustmark filed its Complaint for Judicial Foreclosure in the Chancery Court of Warren County, Mississippi, on July 19, 2012, against the Sanderses and the two federal entities with purported liens in the subject property (collectively referred to as "the Government"). The Government removed the case to this Court on August 20, 2012, and on October 19, 2012, the Government filed a cross claim against the Sanderses under the Federal Debt Collection Procedures Act of 1990. 28 U.S.C. §§ 3301–3308. On November 9, 2012, Trustmark filed its Motion for Summary Judgment as to Judicial Foreclosure, asserting that there are no genuine issues of material fact as to its entitlement to judicial foreclosure and that Trustmark is entitled to judicial foreclosure as a matter of law. The Government [17] and the Sanderses [19] responded in opposition, and Trustmark filed a rebuttal [22]. The Court has subject-matter and personal jurisdiction and is prepared to rule.

II. Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the

district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citations omitted).

III.   Analysis

To succeed on a claim for judicial foreclosure, a mortgagee must show "a promissory note, secured by a deed of trust, with condition broken . . . ." *McDonald v. Vinson*, 56 Miss. 497, 499 (1879). In support of its claim, Trustmark has submitted the affidavit of its First Vice President, Joe L. Lane, who establishes that Marshall Sanders executed an equity line of credit agreement, which was secured by a deed of trust executed by Marshall and Deborah Sanders, and that Marshall Sanders has defaulted on the agreement "by failing to pay same according to its terms." Pl.'s Mot. Summ. J. [12] Ex. A, Lane Aff.; *see Hill v. Consumer Nat'l Bank*, 482 So. 2d 1124, 1128 (Miss. 1986) (holding that bank president's affidavit stating "that the note was executed by Hill, was held by the Bank, was not paid when due and had not been paid as of the

3

date of the affidavit . . . . established prima facie the Bank's entitlement to judgment").

The Sanderses assert that a genuine issue of material fact exists "as to whether or not Deborah Sanders agreed to convey her homestead which is the property subject herein and executed any document conveying the same to secure the indebtedness allegedly incurred by Marshall Sanders in a home equity loan." Defs.' Resp. [19] at 3. In support of their position, they offer the affidavit of Deborah Sanders, who states that she "ha[s] not agreed to convey [her] homestead to secure the alleged debt to Trustmark which is the subject of this proceeding nor ha[s she] signed any document which would do the same." D. Sanders Aff. [21]. But the Trustmark Deed of Trust bears the purported signatures of Marshall and Deborah Sanders as well as the acknowledgment of a notary public that Marshall and Deborah Sanders "[p]ersonally appeared before [her and] acknowledged that they executed the [Deed of Trust.]" Lane Aff. [12-1] Ex. B, Deed of Trust.

"[W]here a deed is properly acknowledged, the instrument is presumed to be authentic because the certificate of acknowledgment imports verity and presumptively states the truth. This presumption can be overcome only by clear and convincing evidence." *Thompson v. Shell W. E & P Inc.*, 607 So. 2d 37, 40 (Miss. 1992). "[T]he uncorroborated testimony of the grantor whose signature is in question . . . is generally held to be insufficient" to overcome the presumption. *Mallory v. Walton*, 81 So. 113, 114 (Miss. 1919); *accord Migues v. Fountain*, 203 So. 2d 483, 484–85 (Miss. 1967) (concluding that chancellor did not err in finding testimony of signatory denying "that he ever appeared before the notary and acknowledged his signature or swore to the petition" insufficient to overcome presumption in favor of acknowledged document); *Bowers v. Fields*, 148 So. 358 (Miss. 1933) ("This court has long been committed to

4

the doctrine that the testimony of parties in interest is not sufficient to overturn such a certificate." (citing *Mallory*, 81 So. 113)). Deborah Sanders's uncorroborated affidavit does not constitute clear and convincing evidence sufficient to create an issue of fact as to the validity of the deed.[1]

The Government also responded in opposition to Trustmark's motion for summary judgment, noting that if a foreclosure sale occurs before disposition of its cross claim against the Sanderses, the Government could lose its statutory rights of redemption. *See* 26 U.S.C. § 7425(d)(I) (providing the IRS with a right of redemption for 120 days following the sale of real property in which it has a junior lien); 28 U.S.C. § 2410(c) (giving the United States one year from the date of a foreclosure sale to redeem property in which it has a junior lien). The Government says that the "unresolved, material fact" as to whether "Marshall Sanders or the United States . . . have an interest in the property in question" should defeat or delay summary judgment on Trustmark's claim. Gov't's Mem. [18] at 3. With no citation to authority, the Government asks "that a final ruling, as to whether or not the conveyance from Marshall Sanders to Deborah Sanders was fraudulent, be made by the Court prior to the commencement of foreclosure." *Id.* at 4.[2]

The Court concludes that genuine issues of fact relating to the Government's cross claim against the Sanderses do not constitute issues of fact precluding summary judgment on

---

[1]Because the Court's conclusion as to the validity of the deed disposes of the Sanderses' argument, it need not consider Trustmark's alternative argument that the Sanderses are barred from disputing the validity of the deed by res judicata, collateral estoppel, judicial estoppel, or waiver, which appears meritorious.

[2]During a telephonic conference with all parties, the Government confirmed that it had no legal authority to support its position.

5

Trustmark's judicial-foreclosure claim. *See Curtis Publ'g Co. v. Church, Rickards & Co.*, 58 F.R.D. 594, 598 (E.D. Pa. 1973) ("There are, however, genuine unresolved factual issues as to the defendants' counterclaims; but since they are separable from the plaintiff's claim, they will not preclude granting a summary judgment in this instance." (citing *Schroeter v. Ralph Wilson Plastics, Inc.*, 49 F.R.D. 323 (S.D.N.Y. 1969))). Because Trustmark has demonstrated that "there is no genuine dispute as to any material fact" on its claim, it is entitled to summary judgment. Fed. R. Civ. P. 56(a) ("The court *shall* grant summary judgment if the movant shows that . . . [it] is entitled to judgment as a matter of law." (emphasis added)).

IV.  Conclusion

The Court has considered all of the parties' arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Plaintiff's Motion for Summary Judgment as to Judicial Foreclosure is granted. Mark S. Mayfield is hereby appointed Special Commissioner to conduct the foreclosure on behalf of Trustmark. Upon completion of the foreclosure, the Special Commissioner shall report back to the Court in writing and seek an order confirming the sale pursuant to section 11-5-103 of the Mississippi Code. Finally, the parties are directed to contact that Magistrate Judge within seven days of the entry of this order to set the case for status conference to establish the deadlines for the remaining litigation.

**SO ORDERED AND ADJUDGED** this the 9th day of May, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

6